OPINION
{¶ 1} This appeal arises from the Ashtabula County Court of Common Pleas. Appellant, Universal Underwriters Insurance Company ("Universal"), appeals the judgment of the trial court, which entered summary judgment in favor of appellees, Brian Passmore and Brandy J. Javorich, both individually and as co-administrators for the estate of Brian E. Passmore, II (collectively referred to hereinafter as "appellees").
 {¶ 2} On June 10, 1999, Deborah Butcher brought her personal automobile into Nassief Pontiac Cadillac, Inc. ("Nassief") in order to have it repaired. On that same date, she signed a rental agreement for the use of a rental car while her car was being serviced. The rental agreement provided that Deborah Butcher and her husband, Robert E. Butcher, were authorized drivers for the rental car, a 1999 Chevrolet Lumina, for use until June 11, 1999. The rental agreement also stated, "under no circumstances shall anyone under 21 years of age operate this vehicle."
 {¶ 3} On June 13, 1999, the Butchers' twelve-year-old son, Robert K. Butcher, operated the rental vehicle, with his parents' permission. According to police statements, the Butchers' son was driving the vehicle up and down their street doing "burn-outs" and "fish-tailing." As he was driving, he noticed his friend, nine-year-old David Bradnan, and Bradnan's cousin, eight-year-old Brian E. Passmore, II riding their bikes down the road. He stopped and asked them if they wanted to go for a ride. He then followed the boys to the Butcher home where they left their bikes and fishing poles and then got in the car. Bradnan sat in the center, using the passenger-side seatbelt, while Passmore sat next to the window on the passenger side, without a seatbelt. Butcher continued driving up and down the street and, on the final pass, veered off the road into a roadside ditch, overturning the vehicle and causing Passmore to be expelled from the vehicle. Passmore died from his injuries a short time later.
 {¶ 4} Following the death, appellees collected $100,000 from the tortfeasor's liability insurer and $150,000 in underinsured motorist coverage from their personal automobile insurer.
 {¶ 5} On June 8, 2001, appellees filed a complaint in the Ashtabula County Court of Common Pleas, seeking underinsured motorist coverage from a number of defendant insurance companies including Cigna/ACE USA Property Casualty ("ACE") and Universal. ACE issued a business automobile insurance policy to GMAC, the owner of the rental vehicle. Universal had issued insurance policies to Nassief, which had rented the vehicle to the Butchers.
 {¶ 6} ACE, Universal, and appellees all subsequently filed summary judgment motions. In a judgment entry filed December 31, 2002, the trial court entered summary judgment in favor of appellees, finding they were entitled to underinsured motorist coverage under both the ACE and Universal policies.
 {¶ 7} On January 28, 2003, Universal appealed the December 31, 2002 judgment entry to this court.[1] This court concluded the December 31, 2002 judgment entry was not a final appealable order, as issues remained unresolved regarding ACE's coverage and appellees' claims and the trial court did not find there was "no just reason for delay." Thus, this court asked the trial court to make a determination as to appellees' loss of consortium claims under the ACE and Universal policies.
 {¶ 8} On July 9, 2003, the trial court issued a judgment entry finding that its December 31, 2002 judgment entry was a final appealable order and there was "no just reason for delay."
 {¶ 9} Universal presents a single assignment of error:
 {¶ 10} "The trial court erred in determining that [Brian E. Passmore, II] was an insured under either the business policy or the umbrella policy issued to Nassief."
 {¶ 11} We begin by noting the standard for addressing a motion for summary judgment is set forth in Civ.R. 56(C). In order to prevail, the moving party must establish that: "`(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the [nonmoving party], that conclusion is adverse to the [nonmovant].'"[2] "An appellate court applies a denovo standard of review when determining whether a trial court properly granted summary judgment."[3]
 {¶ 12} Universal contends Brian E. Passmore, II is not an "insured" under the business auto or the umbrella policy because he was not occupying a vehicle listed on the declaration. Section 530 of the business policy is the UM/UIM endorsement. The named insureds under the policy are "Nassief Che-Pon-Cad, Inc.," under the $25,000 coverage, and "George, Helen and Todd Nassief," under the $500,000 coverage. Insureds are defined as follows:
 {¶ 13} "(A) you;
 {¶ 14} "(B) any of your partners, paid employees, directors[.]
 {¶ 15} "(C) any other person while occupying a covered auto;
 {¶ 16} "(D) anyone for damages they are entitled to recover because of bodily injury sustained by another insured."
 {¶ 17} The UM/UIM part of the policy defines a "covered auto" as "any land motor vehicle, trailer or semi-trailer designed for travel on public roads which is insured by this Coverage Part and shown on the declarations."
 {¶ 18} It is well-settled in Ohio that "where a contract is ambiguous, a court may consider extrinsic evidence to ascertain the parties' intent."[4] Ambiguities in an insurance policy should be construed against the insurer and in favor of the insured.[5]
 {¶ 19} In the instant case, the definition of an "insured" involves the "covered auto" language. A "covered auto" is defined under the policy as, "any land motor vehicle, trailer or semi-trailer designed for travel on public roads which is insured by this Coverage Part and shown on the declarations." Thus, the policy references the vehicles listed in the declarations; however, there are no vehicles listed at all in the declarations, which does little to inform the insured which autos are truly "covered" under the policy. Thus, in light of this ambiguity, we must look to the intent of the parties to determine whether Brian E. Passmore, II is an "insured" under the policy.
 {¶ 20} The policy at issue was issued from Universal to Nassief to cover the automobiles used during the course of Nassief's business, including those vehicles rented to its customers. Therefore, although not listed on the declarations page, it was the intent of the parties to provide insurance coverage for the vehicles used in the business. Therefore, the vehicle rented to the Butchers is a "covered auto" for purposes of the policy.
 {¶ 21} Thus, we return to the definition of "insured" under section 530 of the policy. An "insured" is defined as "any other person while occupying a covered auto." As we have determined that "covered auto" was ambiguous and, in construing the language in favor of the insured, the vehicle at issue was a covered auto. Therefore, the phrase "any other person" applies to permit coverage to Brian E. Passmore, II as an insured as he was occupying a covered auto.
 {¶ 22} Inasmuch as Brian E. Passmore, II was an insured under the business auto policy, and the declarations page for part 980, umbrella unicover coverage, states, "[a]ll umbrella coverage is afforded under the Master Policy 178665 $2,000,000 limit," then appellees have underinsured motorist coverage available under both the business auto policy and the umbrella portion of the policy.
 {¶ 23} Universal also cites the exclusions portion of the policy, which states, "[t]his insurance does not apply to: * * * (f) Anyone using a vehicle without a reasonable belief that the person is entitled to do so." Based on this provision, Universal contends appellees are not entitled to coverage as Brian E. Passmore, II "was without any entitlement to use the accident vehicle." We disagree. Brian E. Passmore, II was a passenger in the '99 Lumina when the accident occurred. The record here would support the inference that the eight-year-old Brian E. Passmore, II was permitted to be in the vehicle at the time.
 {¶ 24} Universal contends that, as the vehicle involved in the accident is not listed on the declarations page, it is not a covered auto and, therefore, there is no coverage. Universal also avers that appellees have no standing to argue that Brian E. Passmore, II was an "insured" under the policy since he was not a party to the original contract. Citing the Supreme Court of Ohio's holding in Westfield v. Galatis,
Universal avers that a determination as to whether an individual is an insured under a particular insurance policy, "should not be interpreted in favor of one who was not a party to the contract."[6] We disagree.
 {¶ 25} Nassief, in its car-rental capacity, intended to provide rental cars to its customers. Moreover, the policy at issue provides coverage for such vehicles.
 {¶ 26} Appellees contend there are no vehicles listed on the declarations page and, thus, the "covered auto" language is ambiguous.
 {¶ 27} The trial court also concluded that the reduction in liability coverage from $500,000 to $25,000 does not comport with the requirements set forth by the Supreme Court of Ohio in Linko v. Indemn. Ins. Co. ofN. Am.[7]
 {¶ 28} Linko v. Indemn. Ins. Co. of N. Am. states that, to properly offer underinsured motorist coverage, the insurer must: "[1] inform the insured of the availability of UM/UIM coverage, [2] set forth the premium for UM/UIM coverage, [3] include a brief description of the coverage, and [4] expressly state the UM/UIM coverage limits in its offer."[8]
 {¶ 29} We agree with the trial court that the policy does not conform to the Linko requirements. Specifically, there is no rejection form, nor a premium or a description of the coverage, and its limits. Thus, Universal failed to properly offer UM/UIM coverage for Nassief Che-Pon-Cad, Inc. at the $25,000 level. Therefore, the policy limit of $500,000 applies and appellees have underinsured motorist coverage under the policy.
 {¶ 30} Therefore, the trial court did not err in finding Brian E. Passmore, II was an insured under the business auto and umbrella policies and entering summary judgment in favor of appellees.
 {¶ 31} Based on the foregoing, the judgment of the Ashtabula County Court of Common Pleas is affirmed.
Ford, P.J., CONCURS, Christley, J., Ret., Eleventh Appellate District, sitting by assignment, dissents with Dissenting Opinion.
[1] See companion case, Passmore v. Universal Underwriters Ins. Co.,
11th Dist. No. 2003-A-0095.
[2] Leibreich v. A.J. Refrigeration, Inc. (1993), 67 Ohio St.3d 266, 268, quoting Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. See, also, Civ.R. 56(C).
[3] (Citations omitted.) Burkholder v. Straughn (June 26, 1998), 11th Dist. No. 97-T-0146, 1998 Ohio App. LEXIS 2895, at *6.
[4] (Citation omitted.) Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, at ¶ 12.
[5] Id. at ¶ 13.
[6] (Citation omitted.) Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, at ¶ 49.
[7] Linko v. Indemn. Ins. Co. of N. Am. (2000), 90 Ohio St.3d 445.
[8] Id. at 447-448.